IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBY STARR,

    Plaintiff,

vs.

    No. CIV 98-1049 MV/DJS

F. WHITTEN PETERS, et al.,

    Defendants,

RUBY STARR,

    Plaintiff,

    No. CIV 99-690 WWD

vs.

F. WHITTEN PETERS, Acting     **CONSOLIDATED**
SECRETARY of the AIR FORCE,
and DEPARTMENT OF THE AIR FORCE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed in Forma Pauperis with Additional Information as Support Poverty and Disability and Home Turf, filed July 2, 1999 **[Doc. No. 9]** in case No. 98-1049 and filed June 22, 1999 **[Doc. No. 2]** in case No. 99-690. The Court, having considered the pleadings, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **denied**, and that case number 99-690 will be **consolidated** with case number 98-1049. **All pleadings, therefore, should be filed under cause number CIV 98-1049 MV/DJS.**

**Background**

In this Title VII discrimination action principally alleging unlawful employment practices at Kirtland Air Force Base, Plaintiff has previously obtained from the Court the granting of her motion for appointment of counsel, but has been refused *in forma pauperis* status. In addition, Plaintiff, who originally filed an action in the United States District Court for the Central District of California, has seen the venue changed to this District pursuant to the venue provisions of Title VII, 42 U.S.C. §§ 2000e-16(d) and 2000e-5(f)(3). Plaintiff now renews her attempt to obtain *in forma pauperis* status and asks the Court to send this case back to the Central District of California.

Ms. Starr also has filed a second action, No. CIV 99-690 WWD, alleging the same set of facts that she brought forth in the earlier case. Ms. Starr sought *in forma pauperis* and a change of venue in that action as well.

**Discussion**

A motion for reconsideration is an opportunity for the court to correct manifest errors of law or fact, to review newly discovered evidence or to review a prior decision when there has been a change in the law. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). "A motion for reconsideration is proper when the Court 'has made a mistake not of reasoning but of apprehension . . . [or] if there has been a significant change or development in the law or facts since submission.'" *Bowe v. SMC Electrical Products, Inc.*, 945 F. Supp. 1482, 1483 (D. Colo. 1996) (citation omitted). In this case Ms. Starr has provided further information on her financial status, namely stating that she has borrowed $3,900 using her vehicle as collateral and explaining that she has taken a second

mortgage on her residence.[1] In addition, Ms. Starr appears to be in arrears for one month on her first mortgage payment, and has agreed to a repayment plan that will increase, for eight months, that payment by $47.80.

Even considering the additional financial information that Ms. Starr has provided, the Court cannot conclude that she meets the eligibility requirements to proceed *in forma pauperis*. By the Court's calculation, Ms. Starr has some $447 in disposable income after accounting for certain expenses such as housing, a second mortgage payment, utilities, telephone, alarm system, a car payment, and car insurance. Even considering that she claims paying $65 and $125 a month for credit cards and medical bills, Ms. Starr still has available $257 a month for other expenses. While this is not a princely sum, it should be adequate to cover the living expenses of one person for one month. Notably, Ms. Starr claims that she spends $50 a month on food. Moreover, Ms. Starr enjoys some of the benefits which our society offers and to which millions of Americans have no access. She is a homeowner and has health insurance. Finally, Ms. Starr has made no mention of whether she has any savings that could go toward paying the $150.00 filing fee in this case. The Court also notes that she claims as an expense $31 a month for a cable television subscription. While the Court is reluctant to delve into the minutiae of the finances surrounding a person's lifestyle, the Court concludes once again, looking at all those factors, that Ms. Starr does not meet the eligibility requirements to proceed *in forma pauperis*.

As Judge Moreno has amply explained in his minute order transferring Ms. Starr's first action

---

[1] The Court notes in passing that Ms. Starr has not provided a reason for this second mortgage. Moreover, Ms. Starr has not documented the loan amount or the amount of monthly payments. Ms. Starr has only presented two copies of a payment coupon, with a due date of July 1, 1999 from American Commercial Bank with an amount due of $136.00. The Court only speculates that this amount represents the second mortgage payment, keeping in mind Ms. Starr's current status as a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

3

to this District, the proper venue in this case is not the Central District of California. *Ruby Starr v. F. Whitten Peters*, No. CV98-2288 CM (Ex) (C.D. Ca. August 28, 1998). Ms. Starr's arguments to the contrary are unavailing.

The Court also admonishes Ms. Starr against filing duplicate actions based on the same set of facts. While access to the courts if a fundamental tenet of our justice system, Ms. Starr already has the access which she has sought to litigate her claims of discrimination and violation of privacy. The second action now before this Court has not reached the point of being vexatious. However, courts are not without the ability to protect against an abuse of scarce judicial resources. *See Rees v. Ferrari, et al.*, 1994 WL 247404 (D. Puerto Rico 1994); *Gordon v. United States Department of Justice*, 558 F.2d 618 (1st Cir. 1977).

**THEREFORE**,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis with Additional Information as Support Poverty and Disability and Home Turf, filed July 2, 1999 **[Doc. No. 9]** be, and hereby is, **denied**.

**IT IS FURTHER ORDERED** that case number CIV 99-690 WWD be, and hereby is, **consolidated with the present action, case number CIV 98-1048 MV/DJS**.

**IT IS FURTHER ORDERED** Plaintiff shall have thirty (30) days from the date of the filing of this Order to pay the $150.00 filing fee in this matter or face dismissal of this action. Plaintiff is cautioned that the Court will not grant further extensions of time.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE